**Robert L. GARTON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 26, 1976.

Certiorari Denied by Supreme Court
Feb. 14, 1977.

David Rizor, Thomas N. Phillips, Nashville, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., John E. Rodgers, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

FRANK F. DROWOTA, III, Judge, Sitting by Designation.

This is an appeal from dismissal of a post-conviction relief petition in which petitioner alleged that he was denied effective assistance of counsel both at his trial and on appeal of his conviction for two counts of murder.

Petitioner Robert L. Garton was convicted of murder in the first degree in two consolidated cases on February 8, 1973, in the Criminal Court of Davidson County, with the Honorable John L. Draper presiding. He was sentenced to two terms of ninety-nine years each, to run consecutively. After his conviction had been affirmed by the Court of Criminal Appeals and certiorari had been denied by the Supreme Court, petitioner filed a pro se motion for post-conviction relief under Tennessee Code Annotated §§ 40–3801 et seq. on April 26, 1974, in the Criminal Court of Davidson County. This motion was denied without a hearing, and no appeal was taken. Petitioner then filed a pro se petition for a writ of habeas corpus in the same court on January 23, 1975. Under T.C.A. § 40–3808, this was treated as a petition for post-conviction relief. Counsel were appointed for petitioner, and an evidentiary hearing was held. On April 30, 1976, the court rendered an opinion finding no merit in the petition and dismissing it. Petitioner appeals this dismissal, asserting that he is entitled to post-conviction relief because he was deprived of effective assistance of counsel both at trial and on appeal of his criminal conviction.

The record shows that petitioner was represented throughout his trial and appeal by Robert T. McGowan, an attorney with the Public Defender's office. Petitioner's claim of ineffective assistance of counsel is based on his allegations that McGowan failed to object to improper testimony of another assault by petitioner, that he failed to investigate the case properly and to present the insanity defense, and that he filed an appellate brief in which no authority was cited and in which he stated that petitioner was "probably guilty." Petitioner testified at the hearing that he remembered having only two brief talks with McGowan prior to trial, in addition to another with "some

guy" at the jail, and that McGowan advised petitioner to accept the State's plea bargaining offer of two fifty-year sentences. He admitted that he had never voiced an objection to McGowan, the judge, or anyone else during the course of his trial about the quality of representation he was receiving. Petitioner, who had been admitted to Central State Hospital on McGowan's motion and found competent to stand trial, also introduced evidence of three previous admissions to Central State in 1965 and 1966, at which time he was diagnosed as a "passive-aggressive personality" with a history of alcoholism and aggressive behavior.

Robert McGowan testified at the hearing that he had investigated the case and that he and two investigators from his office had talked to petitioner on several occasions before trial, but that petitioner was not able to give him much assistance in preparing a defense. He also spoke to petitioner's mother and obtained the name of a potential witness, but petitioner discouraged him from using the witness. After testimony at trial about another alleged assault by petitioner had been "blurted out," McGowan moved for a mistrial but was overruled. McGowan, who called no witnesses for the defense, said he had often been more successful when he employed this tactic, and that he did not call petitioner because he had already been convicted of one killing. He admitted that he had not seen the records of petitioner's three previous admissions to Central State. He further testified that he might have recommended that petitioner accept the State's plea bargaining offer, which he remembered as totaling eighty years. He also admitted that his appellate brief for petitioner contained no citation of authority, but said that it did raise and argue several assignments of error, which this Court carefully considered.

In *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975) our Supreme Court stated that the test for determining whether a defendant received effective assistance of counsel as required by the sixth amendment was "whether the advice given, or the services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases." 523 S.W.2d at 936. For guidance in measuring this range, the Court referred to the standards of *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974) and *United States v. DeCoster*, 159 U.S.App.D.C. 326, 487 F.2d 1197 (D.C.Cir. 1973). In *DeCoster*, the court found ineffective assistance of counsel because the defendant's attorney had, among other things, gone to trial without securing the testimony of existing alibi witnesses, waived jury trial without knowing that the judge had already heard much of the evidence at the trials of defendant's accomplices, and called as witnesses defendant and a person whose testimony contradicted that of defendant. The court held, that, to be competent under the sixth amendment, counsel must confer with his client, advise his client of his rights and protect them (as by making pre-trial motions), and investigate and develop all substantial defenses. In *Beasley*, the defendant's attorney was held to have failed to provide effective assistance of counsel by calling as the only defense witness a person who was "out to get" defendant, successfully encouraging defendant to waive jury trial without telling him that the judge had read a damaging article about him that could not be put into evidence, and failing to interview witnesses, one of whom died without his testimony having been obtained. The court set out competence standards of conferring with the client, safeguarding his rights, and investigating defenses, all of which were similar to the ones approved in *DeCoster*.

Having applied these standards to the instant case, we find that the trial court was correct in rejecting petitioner's allegations of ineffective assistance of counsel.

With respect to his trial, petitioner's primary allegation of ineffective assistance is that McGowan deprived him of an insanity defense by failing to investigate the records of petitioner's prior admissions to Central State and by lacking knowledge that the defense requires a showing of the defend-

ant's insanity at the time the crime was committed. The evidence as a whole shows a reasonable investigation of the case by McGowan, and the evidence of petitioner's Central State records, which were seven years old at the time of trial, in particular fails to show that McGowan's failure to consult them deprived petitioner of a substantial defense in violation of the *Baxter* standards. The record also demonstrates that McGowan was aware that the insanity defense is concerned with a defendant's mental state at the time of the crime's commission, and that the letter from Central State certifying petitioner competent to stand trial was only a factor, albeit perhaps the major one, in McGowan's decision not to raise the defense at trial. Further, the testimony showed that petitioner never requested that McGowan raise the defense, and petitioner has introduced no other evidence to show that McGowan's decision not to do so was anything other than a reasonable decision.

Petitioner's contention that he received ineffective assistance of counsel on appeal is based on McGowan's brief, which cited no authority in support of its arguments and noted at one point that petitioner was "probably guilty." While this Court strongly disapproves of failure to cite authority in support of argument in a brief, as Rule 15 of the Tennessee Supreme Court Rules makes clear, we are unwilling to say that such failure constitutes ineffective assistance of counsel per se. In the instant case, the brief raised and strongly argued several assignments of error, all of which were carefully considered by this Court. A reading of the record and of Judge Mitchell's opinion (*Garton v. State*, Tenn.Crim.App., filed October 29, 1973) clearly demonstrates that the evidence against petitioner was absolutely overwhelming, that the assignments of error raised were wholly without merit under Tennessee law, and thus that citation of authority would not have availed petitioner in the least. Under these circumstances, we cannot hold that the trial court was incorrect in finding that failure to cite

authority constituted ineffective assistance of counsel.

Petitioner's argument that the statement in McGowan's brief that he was "probably guilty" rendered his appeal useless because of the harmless error rule is also without merit. That rule, codified at T.C.A. § 27–117, provides that a case shall not be reversed for a procedural error unless "the error complained of has affected the results *of the trial.*" (Emphasis added.) This means that the "harmlessness" of the error is tested by its effect or lack of effect *at trial,* not by this Court's subjective view of whether or not the defendant is guilty. Consequently, a conclusory statement in an appellate brief cannot affect the application of the harmless error rule one way or the other. Further, petitioner's conviction was supported by overwhelming evidence that was adduced at trial, wholly independent of the statement in counsel's appellate brief, and more than sufficient to support a proper application of the harmless error rule. Finally, we note that mention of harmless error in Judge Mitchell's opinion on petitioner's appeal was really dictum in any case, for this Court there expressly rejected petitioner's assignments of error on the merits. Thus, while inclusion of a statement that the defendant is probably guilty is highly unusual in a criminal appellate brief, in the context of this case it was no more than a frank admission of the obvious which was part of an attempt to raise a sincere but unavoidably weak argument on petitioner's behalf. Since it had no adverse effect on the consideration of petitioner's appeal in the case, it cannot be held to constitute ineffective assistance of counsel.

Two other points are worthy of note. First, on petitioner's direct appeal of his conviction, which was carefully considered by this Court, Judge Mitchell noted the "able" and "faithful" service rendered by petitioner's counsel. Also, the opinion dismissing the petition below, which referred to McGowan's competence as a defense attorney, was written by Judge Draper, who presided over petitioner's trial and necessarily observed how counsel conducted it.

Having considered these factors, as well as the ones discussed above, we conclude that the record amply supports the trial court's rejection of petitioner's argument that he was deprived of effective assistance of counsel.

Finding no error, we affirm the judgment of the trial court in dismissing the petition for post-conviction relief.

RUSSELL and GALBREATH, JJ., concur.