**James Burl HINDMAN, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 14, 1984.

Permission to Appeal Denied by Supreme Court June 18, 1984.

A. Christian Lanier, III, Chattanooga, for appellant.

William M. Leech, Jr., State Atty. Gen., Wayne E. Uhl, Asst. State Atty. Gen., Nashville, Gary Gerbitz, Dist. Atty. Gen., Stanley J. Lanzo, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

OPINION

BYERS, Judge.

The appellant appeals from the dismissal of his post-conviction petition after an evidentiary hearing. The appellant sought to have set aside a conviction for armed robbery and a finding he was an habitual criminal.

The appellant claims his counsel was ineffective at trial, on state appeals, and in the federal court on a habeas corpus.

The judgment is affirmed.

■ First, whatever did or did not take place in federal district court is not relevant or cognizable in this proceeding. Second, the appellant claims his lawyer was not competent because he did not make oral argument in this Court as he promised to do.

■ Whatever contractual agreement the appellant had, notwithstanding, the oral argument of cases in this Court is of minor importance, and the review of cases by this Court is as complete on those cases which are not argued orally as it is on those which are. Certainly, no lawyer's oratorial excellence can enhance the record as it is made at trial, nor can a lawyer's oratorial ineptitude detract therefrom. In short, if the record shows reversal is warranted then such result will come about, if the record does not show reversal is warranted it will not. Neither argument nor non-argument by counsel will change this. The absence of oral argument on appeal gives no basis for a finding of incompetency of counsel.

■ The appellant claims he did not get a fair trial because the jury deliberated until after 12:00 midnight. This matter was not raised on the direct appeal of this case. Furthermore, the trial judge at the hearing on the petition found there was no showing of prejudice by reason of this, and the record supports this finding. Therefore, the appellant is entitled to no relief on this claim.

The appellant's main contention at the post-conviction hearing was that his lawyer was incompetent because he refused to call alibi witnesses who were present to testify.

The appellant, at the post-conviction hearing, testified he had alibi witnesses who would testify he was with them in Gatlinburg at the time of the crime. The trial attorney testified this was the first he had heard of this defense. He testified the witnesses were going to testify the appellant and they had gone out to a lake and gotten stuck in the mud.

The lawyer testified that he did not believe the witnesses who would give an alibi defense and that after he had cross-examined the state's identification witness he concluded he would do better not to put these witnesses on the stand.[1]

■ In his finding of fact, the trial judge commented on the lack of credibility of these witnesses who testified in the post-conviction hearing. The lawyer's belief of the unreliability of these witnesses was well founded, and his decision not to call them as witnesses was a reasonable tactical decision and gives no basis for a claim of incompetency of counsel.

The appellant now complains of failure of counsel to object to certain questions and a statement in oral argument to assert his counsel was incompetent. The record does not support these claims, and the trial judge correctly held against the appellant.

The petition in this case is another in a series of post-conviction proceedings where attempts are made to retry a case under the guise of alleged constitutional violations. The veracity of witnesses who testify in hearings of this sort is highly suspect and bears close inspection by the authorities.

The appellant had very competent trial counsel.

CORNELIUS and SCOTT, JJ., concur.

---

1. Trial counsel had done so well in cross-examination that the state, after closing its proof, offered to accept a plea of guilty for a ten year sentence. The defendant rejected this plea.