IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 25, 2001 Session

**JONATHAN DAVIS v. STATE OF TENNESSEE**

**Appeal as of Right from the Circuit Court for Maury County**
**No. 8,455      Robert L. Jones, Judge**

---

**No. M2000-01158-CCA-R3-PC - Filed August 16, 2001**

---

The petitioner, Jonathan Davis, was convicted in the Maury County Circuit Court of two counts of felony murder and one count of attempted aggravated robbery. He received consecutive sentences of life imprisonment for the felony murder convictions and three years imprisonment for the attempted aggravated robbery conviction. On direct appeal, this court affirmed the petitioner's convictions and sentences. See William Edward Watkins, No. 01C01-9701-CC-00004, 1997 WL 766462 (Tenn. Crim. App. at Nashville, December 12, 1997), perm.to appeal denied, (Tenn. 1998). Subsequently, the petitioner filed a petition for post-conviction relief alleging the ineffective assistance of both trial and appellate counsel. On appeal, the petitioner contests the post-conviction court's denial of his petition for relief. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Paul J. Bruno, Nashville, Tennessee, for the appellant, Jonathan Davis.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Mike Bottoms, District Attorney General; and Robert Sanders, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

In the direct appeal of the petitioner's convictions, this court summarized the facts as follows:

On March 28, 1994, Watkins borrowed a gun from Lamont Orr. He met some friends at Columbia Gardens Apartments, and they began discussing a proposed plan to rob the Richland Inn. Davis

approached the group and agreed to rob the Richland Inn. Watkins gave Davis the .22 caliber handgun and a ski mask, and they both walked towards the motel. The others in the group decided that they did not want to participate in any criminal activity and stayed behind.

Elwood Sinson, a guest at the Richland Inn, was meeting a business associate in his room on the ground floor. As he was waiting for his associate to open the door, he saw Davis jump from a brick wall on the side of the parking lot and walk towards him. Davis quickened his speed and aimed the gun at Sinson and said, "your money or your life." Sinson was able to get inside the motel room before Davis could do anything further.

After the failed robbery attempt at the Richland Inn, Watkins and Davis decided to rob Lamont Orr. They went to Orr's trailer, where he lived with his girlfriend, Elizabeth Smith. Orr left with them when Watkins and Davis told him that they were going to participate in a cocaine transaction. Orr drove Watkins and Davis to the parking lot of Brown's School. Upon arrival at the parking lot, Davis without any provocation shot Orr in the head. Orr was also shot a second time in the head and died as a result of these wounds. Although Orr was seen with 15-20 rocks of crack cocaine earlier that day, no drugs were found on his person after his death.

Because Smith had seen Orr leave with them, Watkins and Davis returned to the trailer. Smith was fatally shot once in the head. Earlier that evening, Smith was seen with $100. No money was found at the trailer after the homicide, and there was also evidence that some cocaine was missing from the trailer. Davis was subsequently seen wearing rings which he claimed he had taken from Smith.

Watkins was arrested two days later on an unrelated forgery charge. After being questioned on the murders, Watkins gave a statement implicating himself and Davis in the attempted robbery of Sinson and the homicides of Orr and Smith. Davis subsequently confessed to the crimes as well.

After a joint jury trial, both defendants were convicted of one (1) count of attempted aggravated robbery and two (2) counts of first degree felony murder. For both defendants, the trial court imposed consecutive sentences of life imprisonment for each count of felony murder and three (3) years for attempted aggravated robbery.

<u>Watkins</u>, No. 01C01-9701-CC-00004, 1997 WL 766462, at **1-2.

The petitioner was represented at trial by Attorney Richard Clark. However, prior to a hearing on the petitioner's motion for a new trial, Attorney Clark was disbarred for misappropriation of client funds. Thereafter, the petitioner was represented by Attorney Gary Howell at the motion for new trial and on appeal. This court affirmed the judgment of the trial court on direct appeal, and our supreme court denied the petitioner's application for permission to appeal. Subsequently, the petitioner filed for post-conviction relief alleging that he received ineffective assistance of both trial and appellate counsel. The post-conviction court denied the petitioner's claim for relief. It is from this ruling that the petitioner now appeals.

## II. Analysis

Because the petitioner filed his post-conviction petition after May 10, 1995, he must prove all factual allegations contained therein by clear and convincing evidence in order to obtain relief. Tenn. Code Ann. § 40-30-210(f) (1997). In other words, the petitioner must demonstrate that there is "no serious or substantial doubt about the correctness of [his] conclusions drawn from the evidence." <u>Hodges v. S.C. Toof & Co.</u>, 833 S.W.2d 896, 901 n.3 (Tenn. 1992); <u>see also</u> <u>State v. Holder</u>, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999), <u>perm. to appeal denied</u>, (Tenn. 2000). It is the duty of the post-conviction court to resolve all issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence. <u>Henley v. State</u>, 960 S.W.2d 572, 579 (Tenn.1997). On appeal, this court accords the post-conviction court's findings of fact the weight of a jury verdict, and those findings are binding on this court unless the evidence in the record preponderates against those findings. <u>Id.</u> at 578.

Tennessee case law has established that a claim of ineffective assistance of counsel is a mixed question of law and fact. <u>State v. Burns</u>, 6 S.W.3d 453, 461 (Tenn. 1999). Our supreme court has further explained that, on appeal, a post-conviction court's findings of fact are reviewed de novo with a presumption of correctness, while its conclusions of law are reviewed purely de novo. <u>Fields v. State</u>, 40 S.W.3d 450, 458 (Tenn. 2001).

In order to obtain relief because of ineffective assistance of counsel, the petitioner must prove not only "that counsel's performance was deficient" but also "that the deficiency prejudiced the defense." <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). Counsel's performance is not deficient if such performance fell within the range of competence required of attorneys in criminal cases. <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975). Additionally,

> [t]o establish prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A probability is "reasonable" if it is "sufficient to undermine confidence in the outcome" of the proceeding.

<u>Campbell v. State</u>, 904 S.W.2d 594, 597 (Tenn. 1995) (quoting <u>Overton v. State</u>, 874 S.W.2d 6, 11 (Tenn. 1994)). This court need not review both elements if the petitioner has failed to prove one

element; i.e., if the petitioner has failed to prove prejudice, this court need not decide if the attorney's performance has been deficient. See Burns, 6 S.W.3d at 461; Michael J. Boyd v. State, No. 02C01-9406-CR-00131, 1996 WL 75351, at *6 (Tenn. Crim. App. at Jackson, February 21, 1996), affirmed by State v. Boyd, 959 S.W.2d 557 (Tenn. 1998).

A. Ineffective Assistance of Trial Counsel

The petitioner contends that his trial counsel was ineffective in the following respects:
(1) trial counsel refused to allow the petitioner to testify in his own behalf during trial;
(2) trial counsel should have called Donnie Ragsdale as a witness at the petitioner's trial;
(3) trial counsel failed to adequately investigate the petitioner's case;
(4) trial counsel did not try to "win" the petitioner's trial and instead merely tried to "get grounds for an appeal";
(5) trial counsel did not ensure the petitioner's presence for two court dates; and
(6) trial counsel was taking the anti-depressant drug Zoloft during trial, which indicates his ineffectiveness.
We will address each of these contentions in turn.

The petitioner maintains that the outcome of his trial would have been different had he testified at trial. The petitioner explained at the post-conviction hearing that he would have testified that his statement to the police was coerced. Additionally, the petitioner maintained that he would have testified at trial that "[the murders were] a last-minute thing on my--on my behalf. . . . they just basically wanted me to follow along and just be a lookout, but at the last moment, it turned in to be a little blood bath." Notably, the petitioner conceded that, prior to trial, he filed at least one motion to suppress his statement to the police and explained the circumstances surrounding the statement to the trial court during a proceeding on that motion; nevertheless, the trial court ruled that the statement was admissible at trial. Furthermore, on direct appeal, this court found that the petitioner's confession was voluntary. Watkins, No. 01C01-9701-CC-00004, 1997 WL 766462, at **6-8. Moreover, the petitioner's version of events would not have exculpated him from being criminally responsible for his co-defendant's actions and would have essentially been a confession to the crimes for which he was being tried. See Charles E. Dorse, Jr. v. State, No. 02C01-9706-CR-00205, 1998 WL 118148, at *6 (Tenn. Crim. App. at Jackson, March 18, 1998); see also Tenn. Code Ann. § 39-11-402 (1997). Accordingly, the petitioner has failed to prove that he was prejudiced by any alleged deficiency of trial counsel for failing to have the petitioner testify at trial.

The petitioner also alleges that his trial counsel was ineffective by not calling Donnie Ragsdale[1] to testify on his behalf at trial. Ragsdale testified at the post-conviction hearing that prior to the petitioner's trial, he was incarcerated with the petitioner's co-defendant, William Watkins, and

---

[1] The name of the witness is also spelled "Donny Ragsdale" in various portions of the record.

heard Watkins confess to a murder. However, as the post-conviction court noted, the petitioner was convicted of two separate murders, and Ragsdale was unable to identify the murder to which Watkins had been referring. Moreover, the post-conviction court found that, because of Ragsdale's criminal history of seven theft convictions and two aggravated burglary convictions and because of his inconsistent testimony at the post-conviction hearing, Ragsdale was not credible as a witness. See Hindman v. State, 672 S.W.2d 223, 224 (Tenn. Crim. App. 1984); Michael Todd Drinnon v. State, No. E1999-2001-CCA-R3-PC, 2000 WL 1478568, at *8 (Tenn. Crim. App. at Knoxville, October 6, 2000), perm. to appeal denied, (Tenn. 2001). We agree with the post-conviction court that the petitioner has failed to prove that he was prejudiced by trial counsel's failure to call Ragsdale as a witness at trial.

The petitioner also contends that trial counsel failed to properly investigate his case and that counsel advised the petitioner that he was not trying to "win" the petitioner's case but was only trying to "save grounds for an appeal." Additionally, the petitioner's mother testified at the post-conviction hearing that trial counsel was not trying to "win" the petitioner's case. Even if the petitioner's contention is true, the petitioner has failed to demonstrate what more counsel could have done in furtherance of his case. See State v. John C. Garrison, No. 03C01-9702-CC-00047, 1998 WL 103318, at *13 (Tenn. Crim. App. at Knoxville, February 27, 1998), perm. to appeal granted, (Tenn. 1998); cf. State v. Casson Marcel McCoy, No. 01C01-9603-CC-00109, 1997 WL 137422, at *2 (Tenn. Crim. App. at Nashville, March 27, 1997) . The petitioner also alleges that counsel did not ask questions that were suggested by the petitioner to impeach witnesses at trial. However, not only does the petitioner fail to specify the questions counsel should have asked, he also neglects to identify the witness(es) to whom the questions should have been posed. Cf. Barry L. Speck v. State, No. W1999-00436-CCA-R3-PC, 2000 WL 1024605, at *5 (Tenn. Crim. App. at Jackson, July 19, 2000), perm. to appeal denied, (Tenn. 2001). Once again, the petitioner has failed to demonstrate prejudice.

Additionally, the petitioner complains that trial counsel failed to ensure the petitioner's presence at two court dates. However, the petitioner was unable to specify which proceedings he did not attend. Moreover, even if counsel were deficient in this regard, the petitioner has nonetheless failed to establish what prejudice he suffered by not being present. We also note that the petitioner has not included in the record a transcript of any proceeding where he was not present. See Tenn. R. App. P. 24(b); State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). Thus, the petitioner has failed to carry his burden on this issue.

Finally, the petitioner contends that trial counsel was ineffective because counsel was taking the anti-depressant drug Zoloft during trial. However, the petitioner has failed to allege the effect, if any, that the medication had on counsel's performance. Moreover, the petitioner's appellate counsel testified at the post-conviction hearing that, during his research for the petitioner's appeal, he reviewed a transcript of the trial and could find no indication that trial counsel had been anything less than alert and effective. Cf. Garrison, No. 03C01-9702-CC-00047, 1998 WL 103318, at *14; Thomas Keith Battle v. State, No. 01C01-9510-CR-00335, 1997 WL 13739, at *1 (Tenn. Crim. App.

at Nashville, January 16, 1997).  In sum, on every issue presented to this court, the petitioner has failed to carry his burden of proving the ineffectiveness of trial counsel.

### B.  Appellate Counsel

The petitioner also alleges that he received the ineffective assistance of appellate counsel.  Specifically, the petitioner contends that appellate counsel was ineffective because:

> (1) counsel failed to submit an adequate brief to this court on direct appeal;
>
> (2) counsel failed to properly investigate appellate issues;
>
> (3) counsel failed to meet with the petitioner prior to filing his appellate brief; and
>
> (4) counsel failed to notify the petitioner regarding his right to appeal the decision of this court to the supreme court until approximately twenty days before the deadline.

The petitioner's first allegation of ineffective assistance of counsel concerns the inadequate brief submitted by appellate counsel to this court.  The petitioner argues that counsel failed to properly cite any authority to support his appellate arguments and failed to properly cite to the record.  However, this court has previously noted that such behavior, although not condoned or encouraged by the appellate courts, will not be deemed ineffective per se.  Garton v. State, 555 S.W.2d 117, 119 (Tenn. Crim. App. 1976).  It is clear from our review that, despite the sparse brief of appellate counsel, on direct appeal this court fully explored all of the petitioner's contentions.  Id.  Additionally, the petitioner argues that, on direct appeal, counsel failed to raise all of the issues contained in the petitioner's motion for new trial.  However, our courts have repeatedly held that the decision regarding which issues to raise on appeal is a strategic one that may not be second guessed in a post-conviction proceeding.  Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Dorse, No. 02C01-9706-CR-00205, 1998 WL 118148, at *7.  Moreover, "[t]he petitioner does not suggest a specific issue that, if addressed in the appellate brief, would have affected the result of the appeal." Campbell, 904 S.W.2d at 597.  Accordingly, the petitioner has not established that he was prejudiced by appellate counsel's brief.

The petitioner also contends that counsel did not adequately investigate his appellate issues and, specifically, did not meet with the petitioner to discuss the appellate brief.  Appellate counsel admitted at the post-conviction hearing that he did not meet with the petitioner after speaking with the petitioner regarding the appellate procedure following the motion for new trial.  However, appellate counsel also testified that he was unaware of any assistance the petitioner could have provided in the preparation of his brief  See Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995).  The petitioner has failed to show what assistance he would have been able to provide or that additional meetings between counsel and the petitioner would have resulted in a different outcome.

Next, the petitioner alleges that he received insufficient notice of his right to appeal the decision of this court to the supreme court and did not receive counsel's help in appealing this

court's decision. However, it appears from the records of the Clerk of the this Court that the petitioner was nonetheless able to request permission to appeal, which request was denied. Delbridge v. State, 742 S.W. 2d 266, 267 (Tenn. 1987) "([C]ourts may take judicial notice of ... court records in an earlier proceeding of the same case and the actions of the court thereon."). Accordingly, we agree with the post-conviction court that the petitioner has also failed to prove that he was prejudiced by counsel's actions in this regard, and, therefore, he has failed to establish that he received the ineffective assistance of appellate counsel.

## C. State's Failure to Respond

Finally, the petitioner argues that, because the State failed to timely respond to his petition for post-conviction relief, the trial court should have granted his petition. However, this court has previously indicated that the State's failure to respond to a post-conviction petition is not grounds for granting a petitioner post-conviction relief. See Loring C. Warner v. State, No. 03C01-9610-CR-00407, 1998 WL 22072, at *3 (Tenn. Crim. App. at Knoxville, January 23, 1998). Moreover, Tenn. Code Ann. § 40-30-208(a) (1997) specifically provides that "[f]ailure by the state to timely respond does not entitle the petitioner to relief under the Post-Conviction Procedure Act." Additionally, the petitioner has not demonstrated how he was prejudiced by the State's failure to respond in a timely manner. See Robert Roger Brewington v. State, No. 01C01-9808-CR-00327, 1999 WL 1129672, at *3 (Tenn. Crim. App. at Nashville, December 10, 1999), perm. to appeal denied, (Tenn. 2000). This issue is without merit.

## III. Conclusion

Finding no error, we affirm the judgment of the post-conviction court.

 

 

_____
NORMA McGEE OGLE, JUDGE